UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HALL & ASSOCIATES | ) |
| 1620 I St., N.W. | ) |
| Suite 701 | ) |
| Washington, D.C. 20006, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY | ) |
| 1200 Pennsylvania Avenue, N.W. (2822T) | ) |
| Washington, D.C. 20460, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **COMPLAINT**

### **Preliminary Statement**

1.      Through this action, brought under the Freedom of Information Act ("FOIA"),

U.S.C. §§ 552, *et seq.*, as amended, Plaintiff, Hall & Associates ("H&A"), appeals the

Defendant's, the United States Environmental Protection Agency ("EPA" or "Agency"), (1)

decision to withhold records, in whole or in part, in responding to H&A's FOIA Request

EPA-HQ-2018-002581 ("2018 Request"; Exhibit 1); and (2) improper use of the deliberative

process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5), to withhold responsive

documents, or portions thereof, under FOIA. This 2018 Request and FOIA Request EPA-

HQ-2016-006425 ("2016 Request"; Exhibit 2) referenced therein were submitted on behalf

of H&A's municipal clients.

1

2.     On December 12, 2017, H&A submitted the 2018 Request to EPA

Headquarters seeking "all 35 documents included as response records for FOIA EPA-HQ-

2016-006425 in full" in light of the D.C. Circuit Court's ruling in *Ctr. For Regulatory*

*Reasonableness v. EPA*, 849 F.3d 453 (D.C. Cir. 2017) in which the Court held that

"[b]eginning in 2013, EPA made statements indicating that it would not acquiesce in or follow

the Eighth Circuit's decision outside of that circuit." *Id.*, at 45. These records are associated

with EPA's issuance of the Desk Statement as guidance to regional offices and delegated states

on how the Eighth Circuit's ruling in *Iowa League of Cities v. EPA*, 711 F.3d 844 (8th Cir.

2013), ("*ILOC*") should be applied in future permitting actions. In response to the 2018

Request and the 2016 Request that identified the existence of these documents, EPA

asserted the withheld responsive documents were pre-decisional and therefore would not be

released (Exhibit 3 – Response to 2018 Request; Exhibit 4 – Response to 2016 Request).

The D.C. District Court on May 22, 2018 determined that any post-Desk Statement document is

not pre-decisional, and that EPA's nonacquiescence decision in November 19, 2013 constituted

"working law." Nonetheless, EPA has refused to release these records despite repeated requests.

3.     H&A's FOIA Requests sought the record basis for EPA's decision to only

apply the *ILOC* decision in the Eighth Circuit and how this decision will be applied to the

regulated community as discussed in the Desk Statement. This FOIA was submitted for the

benefit of and on behalf of H&A's municipal clients who were still being informed that

designing or operating a wastewater facility to blend peak flow constituted a violation of the

federal bypass regulation. Moreover, given that these documents contain the "working law"

of the Agency and internal directives to the Regional Offices governing NPDES program

implementation, and H&A's Requests were submitted to unearth whether the Agency was

2

acting lawfully by implementing secret law, there is a substantial public interest in the documents.

4.      The D.C. Circuit has repeatedly affirmed that "an agency is not permitted to develop 'a body of secret law,' used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as 'formal,' 'binding,' or 'final.'"[1] As senior officials have announced the Agency's positions, based upon the documents requested, these are, in fact, the working law of the Agency and must be disclosed.

5.      As President Johnson said when he signed FOIA into law in 1966, "[t]his legislation springs from one of our most essential principles: a democracy works best when the people have all the information that the security of the nation will permit."[2] Congress enacted FOIA to promote transparency across the government. *See* 5 U.S.C. § 552; *Quick v. U.S. Dep't of Commerce, Nat'l Inst. of Standards & Tech.*, 775 F. Supp. 2d 174, 179 (D.D.C. 2011) (citing *Stern v. FBI*, 737 F.2d 84, 88 (D.C. Cir. 1984). The Supreme Court has explained that FOIA is "a means for citizens to know 'what their Government is up to.' This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171-72 (2004).

---

[1] *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980)

[2] President Lyndon Johnson's Statement upon Signing the FOIA (Press Release, Office of the White House Press Secretary, "Statement by the President upon Signing S.1160", dated July 4, 1966, available at http://nsarchive.gwu.edu/NSAEBB/NSAEBB194/Document%2031.pdf).

6.      EPA's refusal to produce responsive records is also inconsistent with Executive Office Policy on FOIA compliance issued by Barack Obama on January 21, 2009. The Executive Memorandum states:

> The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA. [3]

## Jurisdiction

7.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## Venue

8.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

9.      Plaintiff, H&A, is a Professional Limited Liability Company organized under the laws of the District of Columbia. H&A's primary purpose is to serve as a regulatory consultant and/or special counsel to municipal and private entities regarding environmental matters. Specifically, the firm has addressed wastewater regulatory issues in every EPA Region, over 40 states, and at EPA Headquarters in Washington, D.C.

10.      Defendant, EPA, is an agency of the federal government of the United States, within the meaning of 5 U.S.C. § 552(e), and is located in Washington, D.C. EPA is in

---

[3] Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009).

possession and/or control of the records requested by H&A which are the subject of this action.

**Factual Allegations**

A.     *Background of FOIA Request*

11.     On March 25, 2013, the Court of Appeals for the Eighth Circuit issued a decision in *Iowa League of Cities v. EPA,* 711 F.3d 844 (8th Cir. 2013), vacating two unlawfully revised legislative rules: (1) the mixing zone rule contained in a June 2011 EPA letter; and (2) the blending rule (prohibition) contained in a September 2011 EPA letter. The Court held that the bacteria mixing zone prohibition for primary contact recreation waters "eviscerate[d] state discretion" to utilize such mixing zones (as allowed under 40 C.F.R. 122.44(d)) and, therefore, constituted a revised rule that did not go through proper rulemaking procedures. *Id.* at 874.

12.     The Court of Appeals for the Eighth Circuit found EPA's blending prohibition was both procedurally and substantively improper as it was "irreconcilable with both the secondary treatment rule and the bypass rule" *(id.* at 875) and "exceeds EPA's statutory authority" under the Clean Water Act ("CWA"). *Id.* at 877.

13.     Following the *ILOC* decision, EPA petitioned the Eighth Circuit for rehearing *en banc,* which was denied July 10, 2013. EPA subsequently declined to seek Supreme Court review of the decision.

14.     Rather than appeal the decision, EPA determined that the decision would only apply within the Eighth Circuit.

15.     EPA subsequently prepared a strategy to continue to apply the vacated rule amendments outside of the Eighth Circuit for future permitting matters.

16.     EPA disseminated instructions to its Regional Offices and state permitting authorities that the *ILOC* decision is only binding in the Eighth Circuit.

17.     On September 17, 2013, EPA drafted a document entitled "EPA's regulatory approach following the Eighth Circuit's *ILOC* decision."

18.     On October 29, 2013,  EPA drafted a document entitled "Iowa League of Cities: Next Steps."

19.     On November 5, 2013, a memorandum entitled "Applicability of Iowa League decision to EPA permitting determinations," was drafted and distributed within EPA Headquarters (and finalized on or about November 18, 2013).

20.     On November 13, 2013, at the annual EPA Region VII 4-State Governmental Affairs Meeting, EPA Headquarters informed the regulated community, state permitting agencies, and EPA personnel of the Agency's intention to limit the *ILOC* ruling to the states within the Eighth Circuit.

21.     On November 19, 2013, EPA issued a Desk Statement detailing how NPDES rules would apply inside vs. outside the Eighth Circuit in light of the *ILOC* decision. *Hall & Associates v. EPA*, Civil Action No. 15-cv-01055 (D.D.C.) Mem. Op. P. 4.

22.     On November 20, 2013, Nancy Stoner, Acting Assistant Administrator of the EPA's Office of Water, announced at the National Association of Clean Water Administrators ("NACWA") 2013 National Clean Water Law Seminar in San Antonio, Texas that the *ILOC* decision was not binding outside of the Eighth Circuit and that the Agency would continue to apply the vacated provisions on a "case-by-case" basis elsewhere.

23.     Throughout the month of November 2013, EPA attorneys, Steven Neugeboren and James Vinch, were acting in concert with program office staff to decide

how the blending rule amendment, judicially overturned within the *ILOC* decision, could continue to be applied nationwide.

24.     EPA Headquarters met with EPA Region 7, the States within Region 7, and representatives from the regulated community to discuss the implementation of the *ILOC* decision. From December 2013 through February 2014, program office staff, supervised by Deborah Nagle, including Kevin Weiss and Connie Bosma, prepared documents for distribution (briefing sheet, guidance memoranda) on EPA's non-acquiescence decision and the manner in which blending would still be classified as a bypass outside the Eighth Circuit.

25.     The National Water Policy Forum & Fly-In in Washington, D.C. was jointly hosted on April 9, 2014, by NACWA, the Water Environment Federation ("WEF"), and the Water Environment Research Foundation ("WERF"). Both Nancy Stoner and Mark Pollins reiterated EPA's position that *ILOC* is not binding on EPA outside of the Eighth Circuit and that EPA would continue to apply the disputed rule interpretations outside of that area.

26.     EPA has continued to implement the rule mandates vacated by the *ILOC* decision in state and federal permit and enforcement actions across the country, with the exception of the states within the Eighth Circuit, in accordance with the Desk Statement and other documents prepared by the Water Permits Division.

B.      *Procedural Background of FOIA Request*

27.     On May 6, 2016, H&A submitted a FOIA request to EPA Headquarters for EPA Headquarters' November 19, 2013 Desk Statement and related documents (EPA-HQ-2016-006425). On July 18, 2016, EPA delivered the final response to the 2016 Request, including a list of 35 responsive records, 28 of which were withheld under the deliberative process

privilege. On February 28, 2017 the D.C. Circuit Court held that "[b]eginning in 2013, EPA made statements indicating that it would not acquiesce in or follow the Eighth Circuit's decision outside of that circuit." *Ctr. For Regulatory Reasonableness v. EPA*, 849 F.3d 453, 454 (D.C. Cir. 2017).

28.     On December 12, 2017, H&A submitted the 2018 Request to EPA Headquarters seeking "all 35 documents included as responsive records for FOIA EPA-HQ-2016-006425 in full" in light of the D.C. Circuit Court's ruling.

29.     On January 23, 2018, EPA denied the 2018 Request, refusing to release the sought documents. On February 9, 2018, H&A timely appealed the decision denying the 2018 Request (Exhibit 5 – FOIA Appeal EPA-HQ-2018-004292). EPA sought multiple extensions to respond to the appeal and has not yet released the responsive documents (Exhibit 6).

30.     In the interim, on May 22, 2018, in the matter of *Hall & Associates v. EPA*, Civil Action No. 15-cv-01055 (D.D.C.), this Court issued a Memorandum Opinion in support of this Court's Order of March 31, 2018 ruling on, among other motions, cross-motions for summary judgment that were granted in part and denied in part. This Court concluded "that the EPA made a nonacquiescence decision with respect to the Eighth Circuit's *Iowa League of Cities* opinion as of November 19, 2013." Mem. Op. p. 4. This Court also determined that EPA's November 19, 2013 nonacquiescence decision, evidenced by the Desk Statement and related documents, constituted the "working law" of the Agency.

31.     All of the withheld responsive documents sought were created after November 19, 2013, the date this Court has determined as the date EPA made a nonacquiescence decision.

32.     On May 29, 2018, H&A requested EPA to respond to the still pending appeal in view of this Court's opinion. On June 1, 2018, EPA acknowledged receipt of H&A's request and indicated that EPA "is currently evaluating the Agency's options for responding . . ."

33.     Despite repeated requests and this Court's ruling, EPA has failed to produce these records in full.

**Count I: Violation of the Freedom of Information Act**

34.     Paragraphs 1 through 33 are hereby incorporated by reference.

35.     EPA has clearly rendered a final decision regarding the national applicability of the *ILOC* decision, as repeatedly announced by top officials from EPA Office of Water and Enforcement and as determined by this Court in *Hall & Associates v. EPA*, Civil Action No. 15-cv-01055 (D.D.C.).

36.     H&A's Requests sought the *ILOC* decision documents themselves and the bases of this decision. The regulated community has the right to know the Agency's working law. As the list of withheld documents makes clear, EPA has prepared several detailed assessments of the Agency's decision to limit the *ILOC* decision. These documents should be released for the public to review.

37.     EPA's failure to provide a legitimate basis and rationale for failing to produce the 35 responsive documents in full, in light of this Court's recent ruling, is in violation of FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

38.     EPA's failure to fully and completely respond to H&A's 2018 FOIA Request violates the express provision of FOIA. *See* 5 U.S.C. § 552(a)(3).

39.     EPA's use of the deliberative privilege exemption, including attorney-client privilege, was improper under FOIA. *See* 5 U.S.C. § 552(b)(5).

**Relief Requested**

WHEREFORE, Plaintiff, H&A, prays that this Court:

1.  Maintain jurisdiction over this action until EPA is in compliance with FOIA, and every order of this Court;

2.  Find EPA in violation for refusing to release the responsive documents, or portions thereof, in the Agency's possession;

3.  Enjoin EPA from excessive exertion of deliberative process privilege and attorney-client privilege on the withheld documents;

4.  Award reasonable costs and attorney's fees to H&A provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

5.  Grant such other relief as the Court may deem just and proper.


Respectfully submitted,


//s// John C. Hall
John C. Hall, Esq.
D.D.C. Bar #398172
Hall & Associates
1620 I Street, N.W., Suite 701
Washington, D.C.  20006
Email: jhall@hall-associates.com
Phone: 202.463.1166
Fax: 202.463.4207


//s// Dawn C. Stewart
Dawn C. Stewart, Esq.
D.D.C. Bar #458555
The Stewart Law Firm, PLLC
1050 Connecticut Ave., N.W., Suite 500
Washington, D.C.  20036
Phone: 202.276.9264
Fax: 202.521.0616